UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATE OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 20-cv-07331-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING**<br><br>Re: Dkt. No. 23 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON November 23, 2020 at 10:00 a.m.: The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those briefs.  Where the Court has granted a motion for leave to file an amicus brief, if counsel for an amicus wishes to participate in oral argument, they must register to participate as attendees in the hearing.  **The Court reserves the right to publish additional questions in advance of the hearing.**

If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel by filing those authorities or citations to the record by no later than Friday, November 20, 2020 at 12:00 p.m.  The Court will allow for exceptions in the event authority is issued *after* that date and time.  If the parties submit such additional legal authorities, they are ORDERED to submit the citations (including the pin citations) and attach any new authority cited to their submission, but they are not to include additional argument or briefing.  *Cf.* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

1.  Do Defendants concede that if the Court finds in Plaintiffs' favor, the failure to allow for notice and comment was prejudicial and not harmless. *See, e.g.,* 5 U.S.C. § 706 (court shall take "due account … of the rule of prejudicial error"); *accord Cal. Wilderness Coal. v. U.S. Dep't of Energy*, 631 F.3d 1072, 1090 (9th Cir. 2011) (noting that "a court must exercise great caution in applying the harmless error rule in the administrative rulemaking context") (internal citations and quotations omitted).

2.  Would Plaintiffs agree that the record supporting Defendants' findings of good cause and need for action is more developed than the record that was before the Court in *National Association of Manufacturers v. Department of Homeland Security*, No. 20-cv-4887-JSW, 2020 WL 5847503 (N.D. Cal. Oct. 1, 2020)?

3.  The record shows that some semblance of the DHS Rule was on the administration's regulatory agenda in 2017.  (Declaration of Paul Hughes, ¶ 7, Ex. 7.)  There also are statements in the record that concerns about the H-1B visa program's impact on domestic labor are not new and that corrective measures should have been taken long ago.  *See, e.g.,* DHS Rule, 85 Fed. Reg., at 63,921 noting the program "has been subject to abuse or otherwise adversely affected U.S. workers from its inception"); DOL Rule, 85 Fed. Reg. at 63,900.  Those statements are supported by at least some of the studies cited in the Rules.  *See, e.g.,* Ron Hira & Bharath Gopalaswamy, *Reforming US's High-Skilled Guestworker Program*, Atlantic Council 9-11 (2019); John Miano, *Studies, Wages and Skill Levels for H-1B Computer Workers, 2005 Low Salaries for Low Skills*, Center for Immigration Studies (2007).  Plaintiffs also cite to other rules that Defendants have promulgated between March 2020 and October 2020, which were unrelated to the COVID-19 pandemic, to suggest Defendants chose to prioritize other obligations.  (*See* Mot. at 10 n.8.)

   a. What is Defendants' best record evidence to support a finding that between April and October circumstances shifts occurred with regard to the impact of the H-1B visa program on the domestic labor market such that urgent action was needed to remedy ills that Defendants argue should have been made long ago?

   b. Once it became apparent in March or April 2020 that unemployment – in general –

2

     had increased dramatically, is it unreasonable to infer that the Defendants, especially DOL, could not forecast possible outcomes if those trends continued, especially in light of the definition of long-term unemployment?

  c. Plaintiffs argue Defendants' delay is dispositive and precludes reliance on the good cause exception. What is Plaintiffs' best argument that the Court should not simply consider any delay as part of the "totality of factors at play[?]" *United States v. Valverde*, 628 F.3d 1159, 1165 (9th Cir. 2010).

4. These Rules are intended to make permanent and significant changes to the H-1B visa program, are they not? If Defendants' answer is yes, why should the Court not take that into account in evaluating whether notice and comment was required? *Cf. Am. Fed'n of Gov. Employees v. Block*, 655 F.2d 1153, 1157 (D.C. Cir. 1981) (finding good cause for promulgation of interim rules but holding that "detailed regulations which respond … to much more than the exigencies of the moment must be promulgated through public procedures before they are chiseled into bureaucratic stone").

5. The DOL Defendants also argue that dispensing with notice and comment and making the rule immediately effective was in the public interest so that employers would not rush to file LCAs using the old prevailing wage rates.

  a. Is the Court correct that the DOL Defendants rely solely on their predictive judgment rather than any evidence based on behavior in response to past changes? If the Court is not correct, what is that evidence and where is it cited in the DOL Rule?

  b. What is Plaintiffs' best argument that it would not be unreasonable to conclude that employers would seek to maximize their ability to rely on the prior prevailing wage levels and to lock those levels in while they could?

**IT IS SO ORDERED.**

Dated: November 17, 2020

_____
JEFFREY S. WHITE
United States District Judge

3