1   BRIAN M. BOYNTON
    Acting Assistant Attorney General
2   BRAD P. ROSENBERG
    BRIGHAM J. BOWEN
3   Assistant Branch Directors
    CAROL FEDERIGHI
4   Senior Trial Counsel
    ALEXANDRA R. SASLAW
5   LAUREL H. LUM
    Trial Attorneys
6   United States Department of Justice
    Civil Division, Federal Programs Branch
7   P.O. Box 883
    Washington, DC  20044
8   Phone: (202) 514-1903
    carol.federighi@usdoj.gov
9
    Attorneys for Defendants
10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14  CHAMBER OF COMMERCE OF THE          Civil Action No.4:20-cv-07331-JSW
    UNITED STATES OF AMERICA, *et al.*,
15                                       **DEFENDANTS' RESPONSE TO
                    Plaintiffs,          PLAINTIFFS' NOTICE OF FILING
16         v.                            AMENDED COMPLAINT AS OF RIGHT
                                         OR, IN THE ALTERNATIVE, MOTION
17  UNITED STATES DEPARTMENT OF          FOR LEAVE TO FILE (ECF No. 80)**
    HOMELAND SECURITY, *et al.*,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28
                                         Defs.' Response to Pls.' Notice of Filing
                                         Am. Compl. or Motion for Leave to File
                                         No. 4:20-cv-07331-JSW

**INTRODUCTION**

On December 1, 2020, the Court granted Plaintiffs' motion for partial summary judgment in this case and set aside the two rules that Plaintiffs had challenged, an interim final rule promulgated by the Department of Labor ("DOL IFR") and an interim final rule promulgated by the Department of Homeland Security ("DHS IFR") on the same day as the DOL IFR.  Plaintiffs now seek to supplement their original complaint in this action to (1) replace their challenge to the DOL IFR with a challenge to the revised version of that same rule, the "DOL Final Rule"; and (2) to replace their challenge to the DHS IFR with a challenge to a different DHS rule promulgated on January 8, 2021, the "DHS Lottery Rule."  Defendants do not object to the first request but do oppose the second request.  Other than addressing the same, vast H-1B visa program for temporary workers, the new DHS Lottery Rule (a new selection system) has no overlap with the DOL Final Rule (setting numerical wage levels) and would require filing and review of an entirely separate administrative record by a different agency.  In adjudicating the merits of Plaintiffs' challenges, therefore, the Court will be conducting two very different inquiries on completely different records.  It does not enhance judicial economy to lump together two completely unrelated issues through the process of supplementing a complaint in a lawsuit that until now has only addressed one of those issues.

Moreover, the two rules are proceeding on entirely different schedules.  DOL has proposed a long-term extension for the effective date of the DOL Final Rule (until November 14, 2022) and has also signaled its interest in reopening the rulemaking.  The DHS Lottery Rule, on the other hand, has been delayed only until December 31, 2021.  Thus, if both challenges are combined in this case, the foregoing facts will necessitate a bifurcation of the case as each separate challenge, involving separate defendants, proceeds on a separate schedule.  It would not foster judicial economy or efficiency to include Plaintiffs' challenge to the DHS Lottery Rule in this case, only then to have to bifurcate the case.  The far simpler course would be for Plaintiffs to bring a new lawsuit, challenging the unrelated DHS rule, to the extent they wish to challenge that rule.  Therefore, Plaintiffs' request for leave to supplement should be denied as it pertains to the DHS Lottery Rule.

Defs.' Response to Pls.' Notice of Filing
Am. Compl. or Motion for Leave to File
No. 4:20-cv-07331-JSW

**BACKGROUND**

As originally filed, this suit challenged two interim final rules promulgated on October 8, 2020, by the Department of Labor ("DOL") and the Department of Homeland Security ("DHS"), respectively.  *See* Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States, 85 Fed. Reg. 63,872 (Oct. 8, 2020) ("DOL IFR"); Strengthening the H-1B Nonimmigrant Visa Classification Program, 85 Fed. Reg. 63,918 (Oct. 8, 2020) ("DHS IFR").  The key similarity between these two rules was their reliance on the national emergency caused by the COVID-19 pandemic as providing good cause under the Administrative Procedure Act, 5 U.S.C. § 553(b)(B), to forgo advance notice and comment for their respective proposed changes to the H-1B and related employment-based visa programs.

On December 1, 2020, Plaintiffs prevailed on their claims that adequate good cause for forgoing notice and comment did not exist as to either rule, and obtained partial summary judgment in their favor on those claims pursuant to Federal Rule of Civil Procedure 54(b).  *See Chamber of Commerce v. U.S. Dep't of Homeland Sec.*, --- F. Supp. 3d ---, 2020 WL 7043877, at *13 (N.D. Cal. Dec. 1, 2020) (ECF No. 73); ECF No. 74.  This Court set aside both rules.  2020 WL 7043877, at *13. Defendants did not appeal.

The subsequent trajectory of both rules is complicated but, more importantly, has diverged. First, DOL proceeded to consider the post-promulgation comments on its IFR and issued a new, revised rule on January 14, 2021, addressing and responding to the comments.  *See* Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States, 86 Fed. Reg. 3608 (Jan. 14, 2021) ("DOL Final Rule").  Then, on March 12, 2021, DOL delayed the effective date of the DOL Final Rule by sixty days, from March 15, 2021, until May 14, 2021, consistent with the presidential directive entitled "Regulatory Freeze Pending Review," "for the purpose of reviewing questions of fact, law, and policy raised therein."  Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States: Delay of Effective Date, 86 Fed. Reg. 13,995, 13,995 (Mar. 12, 2021).

Defs.' Response to Pls.' Notice of Filing
Am. Compl. or Motion for Leave to File
No. 4:20-cv-07331-JSW

Subsequently, on March 22, 2021, DOL published a proposal to further delay the effective date another 18 months, until November 14, 2022.  *See* Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States: Proposed Delay of Effective and Transition Dates, 86 Fed. Reg. 15,154 (Mar. 22, 2021).  On April 2, 2021, DOL issued a separate request for information ("RFI"), soliciting public input on other sources of data and/or methodologies to inform any potential new proposals to amend its regulations governing prevailing wages for certain immigrant and non-immigrant job opportunities.  *See* Request for Information on Data Sources and Methods for Determining Prevailing Wage Levels for the Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States, 86 Fed. Reg. 17,343 (Apr. 2, 2021).  In addition, in similar cases pending in the District of Columbia, DOL has committed to filing the certified list of the contents of the Administrative Record for the DOL Final Rule, and providing plaintiffs with the nonpublic portions of the AR, by April 12, 2021.  *See* Minute Order, *Stellar IT v. Stewart*, No. 1:20-cv-03175 (D.D.C. Mar. 10, 2021); Unopposed Mot. for Ext. of Time, at 4, *id.* (ECF No. 24); Minute Order, *Purdue Univ. v. Stewart*, No. 1:20-cv-03006 (D.D.C. Mar. 15, 2021); Unopposed Mot. for Ext. of Time, at 1, *id.* (ECF No. 34).

In contrast, DHS has not promulgated a final rule based on the DHS IFR, and the IFR remains set aside by this Court's order.

Plaintiffs have now filed an Amended Complaint, seeking, first, to supplement the original suit to challenge the DOL Final Rule.  *See* Am. Compl. ¶¶ 2, 85-113, 123-127 (Count I).  Although Defendants believe that there is no reason for this challenge to go forward at this time given DOL's proposed 18-month delay of the effective date of this rule and its publication of a request for information geared towards potentially initiating a new rulemaking, Defendants have no objection to Plaintiffs' proposed supplementation in this regard and are optimistic that the parties and the Court can agree on a way forward that will conserve the parties' and the Court's resources.

Second, Plaintiffs also seek to supplement their Complaint to add a challenge to an entirely new DHS rule, Modification of Registration Requirement for Petitioners Seeking to File Cap-Subject H-1B Petitions, 86 Fed. Reg. 1676 (Jan. 8, 2021) ("DHS Lottery Rule").  *See* Am. Compl. ¶¶ 3, 81-

3     Defs.' Response to Pls.' Notice of Filing
Am. Compl. or Motion for Leave to File
No. 4:20-cv-07331-JSW

84, 114-122, 128-38 (Counts II & III).  Defendants oppose this supplementation for the reasons set forth below.

## ARGUMENT

**PLAINTIFFS SHOULD NOT BE PERMITTED TO ADD A CHALLENGE TO AN ENTIRELY DIFFERENT DHS RULE WITH NO CONNECTION TO THEIR PRIOR CHALLENGES OR TO THEIR PENDING CHALLENGE TO THE DOL FINAL RULE**

Whether Plaintiffs should be permitted to file a new complaint in this instance is analyzed under Rule 15(d), governing supplemental pleadings, rather than under the provisions in Rule 15(a) governing amendment, since their new complaint relies on events that occurred after the original complaint was filed, namely, the publication of the DOL Final Rule and the DHS Lottery Rule.  *See Griffin v. Cnty. School Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964) (Rule 15(d) "cover[s] events happening after suit").  Rule 15(d) allows the court to grant a party's motion to serve a supplemental pleading concerning "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  As the rule states, supplementation under Rule 15(d) always requires leave of the court, *Frederick v. Cal. Dep't of Corrections & Rehab.*, No. C 08-2222 MMC (PR), 2012 WL 2077305, at *2 (N.D. Cal. June 8, 2012) (quoting *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)), but, in general, "[l]eave should be 'freely given,' '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 496 (E.D. Cal. 2006) (citation omitted)

The overriding consideration in determining whether to permit supplementation of a complaint is "judicial efficiency." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).  "The clear weight of authority … permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988).  However, even though supplemental pleadings are favored, they "cannot be used to introduce a 'separate, distinct and new cause of action.'" *Neely*, 130 F.3d at 402.

Defs.' Response to Pls.' Notice of Filing
Am. Compl. or Motion for Leave to File
No. 4:20-cv-07331-JSW

1    A supplemental pleading under Rule 15(d) may add a new cause of action only so long as it has "some

2    relation to the claim set forth in the original pleading."  *Keith*, 858 F.3d at 474 (quoting 3 J. Moore,

3    Moore's Federal Practice ¶ 15.16[3] (1985)).

4         In the present case, Plaintiffs' challenge to the DHS Lottery Rule does not have a sufficient

5    relation either to their original challenges to the two IFRs or to the challenge that Defendants do not

6    object to remaining in this case, that to the DOL Final Rule.  The only intersection between the DHS

7    Lottery Rule, on the one hand, and the two IFRs and the DOL Final Rule, on the other hand, is the

8    fact that both the Lottery Rule and the other rules concern the H-1B visa program.  Other than that,

9    there is no linkage between the Lottery Rule and the other rules.  The DHS IFR included a panoply

10   of definitional and other regulatory changes whose primary purpose was "to better ensure that each

11   H-1B nonimmigrant worker (H-1B worker) will be working for a qualified employer in a job that

12   meets the statutory definition of a 'specialty occupation.'"  85 Fed. Reg. at 63,918.  In contrast, the

13   DHS Lottery Rule concerns the selection of H-1B registrations submitted by prospective petitioners

14   seeking to file H–1B cap-subject petitions (or petitions, if appropriate) toward the projections needed

15   to reach the annual H-1B numerical allocations, a different aspect of the H-1B program.  86 Fed.

16   Reg. at 1677.

17        Likewise, the DOL IFR and Final Rule set wage levels that employers must pay workers in

18   the H-1B visa program, as well as for other employment-based visa programs, which is also unrelated

19   to the DHS Lottery Rule.  To be sure, DHS's new selection process will prioritize for selection

20   registrations or petitions, as applicable, generally based on the corresponding wage level that the

21   offered wage will equal or exceed, but that is not dependent on the DOL rules.  In fact, the DHS

22   Lottery Rule expressly disavows any reliance on or connection between it and the DOL rules,

23   explaining that "the ranking process established by this rule does not alter the prevailing wage level

24   associated with a given position for DOL purposes."  *Id.*  Moreover, the Lottery Rule was issued at

25   a time when the DOL IFR had been set aside, and before the issuance of the DOL Final Rule.  DHS

26   made clear that the DOL IFR was not considered in promulgating the Lottery Rule, as it had been

27   set aside and was no longer being implemented.  *Id.* at 1709-1710.  Similarly, the DOL Final Rule has

28

5                    Defs.' Response to Pls.' Notice of Filing
                         Am. Compl. or Motion for Leave to File
                         No. 4:20-cv-07331-JSW

1   no impact on the DHS Lottery Rule, as it was issued after the latter rule was issued and, moreover,

2   has not yet taken effect and may not do so until November 14, 2022, if ever.

3   In sum, in eventually evaluating whether each rule is arbitrary or capricious, the Court will be

4   conducting two very different inquiries (evaluating a selection system versus evaluating numerical

5   wage levels) on completely different records.  It does not enhance judicial economy to include two

6   such unrelated challenges into one case.  *See Neely*, 130 F.3d at 402 (in holding that district court

7   abused its discretion in allowing supplementation, noting that one consideration was that "the

8   supplemental complaint challenged a different statute than the one that had been successfully

9   challenged in the original suit").  Plaintiffs strive to establish an overlap between the two challenges

10  by arguing that the standing inquiry might be similar or that both challenges implicate general

11  considerations regarding the benefits of the H-1B program.  Pls.' Notice of Filing Am. Compl. at 5-

12  6.  But these shared questions are simply a function of the fact that both rules address the H-1B

13  program, and it cannot be that every agency rule concerning this program is sufficiently related to

14  warrant supplementation.  And the DHS Lottery Rule is not rendered arbitrary and capricious if wage

15  levels are found to be so (*id.* at 6)—the system's reasonableness can be adjudicated independent of

16  the inputs generated by another agency's rule.

17  Moreover, inserting the DHS Lottery Rule into this case in its present posture will not

18  promote judicial economy because the schedules for the two rules are completely out of sync.  The

19  implementation of both rules has been delayed, but to different dates.  As described above, the DOL

20  Final Rule's effective date has been delayed until May 14, 2021, and DOL has now proposed to

21  further delay it until November 14, 2022.  DHS has delayed the effective date of the Lottery Rule

22  (originally March 9, 2021) to December 31, 2021.  *See* Modification of Registration Requirement for

23  Petitioners Seeking To File Cap-Subject H-1B Petitions; Delay of Effective Date, 86 Fed. Reg. 8543,

24  8543 (Feb. 8, 2021).  In addition, preparation of the AR for each rule is at a different stage, with

25  DOL, in similar cases in the District of Columbia, having committed to filing the certified list of the

26  contents of the Administrative Record for the DOL Final Rule, and providing plaintiffs with the

27  nonpublic portions of the AR, by April 12, 2021.  DHS has only just begun preparation of the AR

28

6                     Defs.' Response to Pls.' Notice of Filing
Am. Compl. or Motion for Leave to File
No. 4:20-cv-07331-JSW

1   for the Lottery Rule.  These facts will necessitate essentially a bifurcation of the case as each separate

2   challenge proceeds on a separate schedule.   Rather than this complicated trajectory—

3   supplementation, then bifurcation—judicial economy argues for Plaintiffs' new challenge to be filed

4   as a separate case.

5                                              **CONCLUSION**

6          For the foregoing reasons, Plaintiffs' request for leave to supplement their original complaint

7   to include their challenge to the DHS Lottery Rule should be denied.

8   Dated: April 2, 2021                          Respectfully submitted,

9                                                 BRIAN M. BOYNTON
10                                                Acting Assistant Attorney General
                                                  Civil Division
11
                                                  BRAD P. ROSENBERG
12                                                BRIGHAM J. BOWEN
                                                  Assistant Directors, Federal Programs Branch
13
                                                  s/ *Carol Federighi*
14                                                CAROL FEDERIGHI
                                                  Senior Trial Counsel
15                                                ALEXANDRA R. SASLAW
                                                  LAUREL H. LUM
16                                                Trial Attorneys
                                                  United States Department of Justice
17                                                Civil Division, Federal Programs Branch
                                                  P.O. Box 883
18                                                Washington, DC  20044
                                                  Phone: (202) 514-1903
19                                                carol.federighi@usdoj.gov

20                                                Attorneys for Defendants

21

22

23

24

25

26

27

28

7                    Defs.' Response to Pls.' Notice of Filing
                                                Am. Compl. or Motion for Leave to File
                                                No. 4:20-cv-07331-JSW