BRIAN M. BOYNTON
Acting Assistant Attorney General
BRAD P. ROSENBERG
BRIGHAM J. BOWEN
Assistant Branch Directors
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*[1],<br><br>Defendants. | Civil Action No.4:20-cv-07331-JSW<br><br>**DEFENDANTS' MOTION TO HOLD CASE IN ABEYANCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 25, 2021<br>Time: 9:00am<br>Courtroom: 5<br>Judge: Hon. Jeffrey S. White |

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. Walsh is automatically substituted as a Defendant in his official capacity as Secretary of Labor for former Acting Secretary of Labor Milton Al Stewart.

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on June 25, 2021 at 9:00am[2], or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled Court, located at 1301 Clay Street, Oakland, California, or by video teleconference, Defendants United States Department of Homeland Security ("DHS") and Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security (collectively, "DHS Defendants" or "Defendants"), by and through undersigned counsel, will move to hold the case in abeyance and for a stay of proceedings with respect to Counts II and III of the Amended Complaint, for the reasons more fully set forth in the accompanying Memorandum of Points and Authorities.

Dated: May 10, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
BRIGHAM J. BOWEN
Assistant Directors, Federal Programs Branch

s/ *Alexandra R. Saslaw*
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendants*

[2] Defendants have noticed this hearing for the first open civil motion hearing date on the Court's calendar that is at least 35 days out from the filing of this motion. However, as indicated in the parties' Joint Case Management Statement, ECF No. 95, the parties will also be prepared to discuss this issue at the case management conference scheduled for Friday, May 14.

Defendants United States Department of Homeland Security ("DHS") and Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security (collectively, "DHS Defendants" or "Defendants") hereby move the Court to hold this case in abeyance and stay further proceedings with respect to the claims against DHS Defendants for sixty days to allow the agency to consider how to proceed with respect to the final rule at issue in this case.[3]

## BACKGROUND

On January 8, 2021, DHS published a final rule concerning the selection of H-1B registrations submitted by prospective petitioners seeking to file H-1B cap-subject petitions (or the selection of petitions, if appropriate). *Modification of Registration Requirement for Petitioners Seeking to File Cap-Subject H-1B Petitions*, 86 Fed. Reg. 1,676 (Jan. 8, 2021) ("DHS Lottery Rule"). On January 20, 2021, following the change in administration, new leadership assumed responsibility for DHS. On February 8, 2021, DHS delayed the effective date of the DHS Lottery Rule to December 31, 2021. *Modification of Registration Requirement for Petitioners Seeking to File Cap-Subject H-1B Petitions; Delay of Effective Date*, 86 Fed. Reg. 8,543 (Feb. 8, 2021) ("Delay Rule"). In the Delay Rule, the agency explained that the initial effective date did not allow adequate time to implement the new system in advance of the registration period for the upcoming fiscal year (FY) 2022 H-1B cap season. *Id.* The agency further explained that "[d]uring the delay, while USCIS works through issues associated with implementation, DHS leadership will also evaluate the January 8th rule and its associated policies, as is typical at the beginning of a new administration." *Id.* Consistent with that representation, the agency is currently evaluating the DHS Lottery Rule and considering how to proceed with respect to that rule.

On March 19, 2021, Plaintiffs in this case filed an Amended Complaint challenging, *inter alia*, the DHS Lottery Rule. Am. Compl., ECF No. 79. Specifically, Count II of the Amended Complaint alleges that the DHS Lottery Rule is arbitrary and capricious or otherwise contrary to law, and Count III alleges that the Lottery Rule is void for lack of authority. Am. Compl. ¶¶ 128-38. Following

[3] In the event that the Court denies the DHS Defendants' Motion for Stay, the DHS Defendants agree to proceed to summary judgment briefing on the schedule set out in the parties' Joint Case Management Statement, ECF No. 95.

briefing regarding the appropriate scope of the Amended Complaint, the Court accepted the Amended Complaint on April 15, 2021. *See* Order Permitting Supplementation, ECF No. 91.

**ARGUMENT**

A district court retains "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). It may exercise this discretion to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Defendants respectfully request that the Court exercise this broad discretion to stay or hold in abeyance proceedings with respect to Counts II and III of the Amended Complaint.

A stay is appropriate here to allow DHS time to review and consider the DHS Lottery Rule, and to decide what, if any, steps to take with respect to that rule. It is widely recognized that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980); *Nat. Res. Def. Council v. Norton*, No. 1:05-cv-01207-OWW-LJO, 2007 WL 14283, at *8 (E.D. Cal. Jan. 3, 2007). Indeed, an agency "'must consider varying interpretations and the wisdom of its policy on a continuing basis,' for example, in response to changed factual circumstances or a change in administration." *Nat'l Cable & Tel. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981-82 (2005) (internal citation omitted).

When an agency wishes to reconsider its decision, it should move the district court to remand or to hold the case in abeyance pending reconsideration by the agency. *Sierra Club v. Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) (citing *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962)). Courts in this Circuit typically grant such motions absent some clear reason not to do so. *See, e.g.*, *Cal Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)); *Safer Chemicals, Healthy Fams. v. U.S. Env't Prot.*

*Agency*, 791 F. App'x 653, 656 (9th Cir. 2019). Indeed, courts generally deny such motions only "when the agency's request is frivolous or made in bad faith."[4] *Cal Cmtys. Against Toxics*, 688 F.3d at 992.

Consistent with this general presumption in favor of allowing agencies time to reconsider their decisions, the Court should hold this case in abeyance to allow DHS to evaluate the DHS Lottery Rule and determine whether further action is appropriate. The agency's request is neither frivolous nor in bad faith. As noted above, it is entirely appropriate for an agency to re-assess its policies following a change in administration. *See Brand X*, 545 U.S. at 981-82; *see also Motor Vehicle Mfrs. Ass'n of U.S, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 59 (1983) (Rehnquist, J., concurring in part and dissenting in part) ("A change in administration brought about by the people casting their votes is a perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations"); *California v. Wheeler*, 467 F. Supp. 3d 864, 875 (N.D. Cal. 2020) (recognizing that a policy change "may be permissible simply because there has been a 'change in administrations.'").

Moreover, holding this case in abeyance will serve the interests of judicial economy and avoid wasting time and resources litigating claims that may be rendered moot if the agency ultimately decides to change its position on the underlying regulation. *See, e.g.*, *Franciscan All.*, 2017 WL 3616652, at *4-5 (finding that staying the case until the agency completes its reconsideration of a rule would promote judicial efficiency because the agency's reconsideration "may moot some of all of Plaintiffs' claims presented in their motion for summary judgment"). At the same time, if the agency decides to maintain its current position, the parties could brief their cross-motions for summary judgment.

Finally, holding the case in abeyance would not unduly prejudice Plaintiffs because the agency has already delayed the effective date of the DHS Lottery Rule to December 31, 2021, meaning that

---

[4] Although the cited cases primarily address reconsideration through voluntary remand, there is no reason to assume that a stricter standard applies to a motion to hold a case in abeyance, which is simply another mechanism to allow the agency the opportunity to evaluate its position. *See Anchor Line Ltd.*, 299 F.2d at 125 (noting that an agency wishing to reconsider its decision may either seek remand or to hold the case in abeyance); *Franciscan All., Inc. v. Price*, No. 7:16-cv-00108, 2017 WL 3616652, at *5 (N.D. Tex. July 10, 2017) (applying the same analysis to request for voluntary remand and stay). Indeed, courts are often more willing to stay a case than to grant voluntary remand, presumably because the former does not terminate proceedings. *See, e.g.*, *id.* (denying voluntary remand but staying the case and holding pending motions in abeyance).

it will most likely not apply until the registration period for fiscal year (FY) 2023 H-1B cap season in the spring of 2022. 86 Fed. Reg. 8,543. DHS Defendants are mindful that prospective petitioners and beneficiaries may change their behavior in reliance on the DHS Lottery Rule, *see id.* at 8,546; however, the agency has already signaled that it is "evaluat[ing]" the rule and its policies. Moreover, any uncertainty regarding the status of the DHS Lottery Rule during this stay is no different from the uncertainty during litigation. Perhaps most importantly, in the event that the agency maintains its current position, the parties will still be able to brief cross-motions for summary judgment in advance of the Lottery Rule's current effective date of December 31, 2021.

## CONCLUSION

For the foregoing reasons, the Court should grant DHS Defendants' motion and hold this case in abeyance and stay proceedings with respect to Counts II and III of the Complaint for sixty days.

Dated: May 10, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
BRIGHAM J. BOWEN
Assistant Directors, Federal Programs Branch

s/ *Alexandra R. Saslaw*
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendants*