UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATE OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 20-cv-07331-JSW<br><br>**ORDER FOLLOWING CASE MANAGEMENT CONFERENCE, RESOLVING PENDING MOTIONS, MODIFYING BRIEFING SCHEDULE AND SETTING HEARING DATE**<br><br>Re: Dkt. Nos. 95-96, 98 |

On May 14, 2021, the parties appeared before the Court for a case management conference. At that conference, the Court heard argument from the parties about the motion to stay filed by the Department of Homeland Security ("DHS") Defendants. The Court also heard from the parties regarding their administrative motion and stipulation regarding the production and filing of the Administrative Record by the Department of Labor ("DOL") Defendants.

Following the case management conference, the Court HEREBY ORDERS:

1.       Based on the argument at the case management conference, the Court concludes a reply to the motion to stay is not necessary and VACATES the hearing date set for June 25, 2021. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, "[t]he exertion of [the stay] power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The competing interests that a district court must weigh in exercising this discretion include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the

1    orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

2    questions of law which could be expected to result from a stay." *Id.* at 265 (citing *Landis*, 299

3    U.S. at 254-55). "'[I]f there is even a fair possibility that the stay . . . will work damage to some

4    one [sic] else,' the stay may be inappropriate absent a showing by the moving party of 'hardship

5    or inequity.'" *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th

6    Cir. 2007) (quoting *Landis*, 299 U.S. at 256). The movant has the burden of showing that a stay is

7    appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

8        The DHS Defendants asked the Court to stay further proceedings in this action and to hold

9    the case in abeyance for sixty (60) days to allow the agency to consider how to proceed with the

10    Final DHS Rule. Although the Final DHS Rule is not scheduled to take effect until December 31,

11    2021, which would impact the H-1B lottery held in the spring of 2022, Plaintiffs assert that they

12    and their members begin to recruit employees who may require H-1B visas in September and

13    October 2021 and require clarity before the rule goes into effect.

14        At the case management conference, the Court stated it would adopt the parties' proposed

15    briefing schedule, which requires the DHS and DOL Defendants to file their opposition briefs on

16    July 2, 2021. Having considered the parties' positions on the stay, the Court concludes the DHS

17    Defendants have not demonstrated they would suffer any hardship or prejudice if the Court denies

18    the request to hold the matter in abeyance, whereas Plaintiffs have demonstrated they would suffer

19    hardship if they do not have certainty about the rule by the fall of this year. The Court concludes

20    that, barring some changed circumstances, the Court can address the DHS Defendants' concerns

21    by adjusting the briefing schedule so that the Defendants' briefs are not due until after sixty days

22    from today's date have elapsed. However, the Court will not stay proceedings during that time.

23        Accordingly, the Court HEREBY MODIFIES the briefing schedule set at the case

24    management conference as follows:

25        Plaintiffs shall file their cross-motions by no later than June 25, 2021.

26        All Defendants shall file their oppositions and cross-motions by July 16, 2021.

27        Plaintiffs shall file their oppositions and replies by July 30, 2021.

28        All Defendants shall file their replies by August 13, 2021.

2.      The DOL Defendants shall provide the version of the Administrative Record (except for those documents already archived on the rulemaking docket, ETA-2020-0006) compiled in connection with the related cases in the United States District Court for the District of Columbia, *Purdue Univ. v. Walsh*, No. 1:20-cv-03005-EGS (D.D.C.) and *Stellar IT, Inc. v. Walsh*, No. 1:20-cv-03175-EGS (D.D.C.) to Plaintiffs on or before May 19, 2021.

3.      The DOL Defendants need not file the Administrative Record on the docket on May 19, 2021.  Instead, DOL Defendants shall file with the Court and shall provide a chambers copy of an appendix containing those portions of the Administrative Record that the parties cite in their summary judgment briefs fourteen days after the conclusion of summary judgment briefing, *i.e.* by August 27, 2021.  If the Appendix is voluminous, the DOL Defendants may provide the Court with an electronic version of the Appendix that contains an index and is easily searchable.

4.      The Court will schedule the hearing on the cross-motions for summary judgment on both rules on Friday, September 17, 2021 at 9:00 a.m.

5.      The Court's ruling on the DHS Defendants' request to stay is without prejudice to a renewal of that request if there are changed circumstances.

**IT IS SO ORDERED**.

Dated: May 14, 2021

_____
JEFFREY S. WHITE
United States District Judge