BRIAN M. BOYNTON
Acting Assistant Attorney General
BRAD P. ROSENBERG
BRIGHAM J. BOWEN
Assistant Branch Directors
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

Defendants.

Civil Action No.4:20-cv-07331-JSW

**DEFENDANTS' MOTION FOR VOLUNTARY REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: July 16, 2021
Time: 9:00am
Courtroom: 5
Judge: Hon. Jeffrey S. White

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on July 16, 2021 at 9:00am, or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-entitled Court, located at 1301 Clay Street, Oakland, California, or by video teleconference, Defendants United States Department of Labor ("DOL") and Martin J. Walsh, in his official capacity as Secretary of Labor (collectively, "DOL Defendants" or "Defendants"), by and through undersigned counsel, will move for remand of DOL's final rule on prevailing wage levels to the agency for further consideration, for the reasons more fully set forth in the accompanying Memorandum of Points and Authorities.

Dated: June 9, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
BRIGHAM J. BOWEN
Assistant Directors, Federal Programs Branch

s/ *Alexandra R. Saslaw*
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendants*

## INTRODUCTION

Defendants United States Department of Labor ("DOL") and Martin J. Walsh, in his official capacity as Secretary of Labor (collectively, "DOL Defendants"), respectfully move this Court for a remand of DOL's final rule on prevailing wage levels to the agency for further consideration. Remand is appropriate because commenters and litigants have raised a number of serious substantive and procedural concerns about the rule, and the agency has determined that these concerns warrant careful reconsideration of the rule.

Plaintiffs have indicated that they support a voluntary remand with vacatur, and the DOL Defendants do not oppose vacatur in this case because the Final Rule's effective date has already been postponed until November 14, 2022, to allow the agency time to consider these concerns, and thus vacatur is unlikely to cause significant disruption to the regulatory scheme.

## BACKGROUND

On October 8, 2020, DOL issued an interim final rule ("IFR") that amended regulations governing the prevailing wages for employment opportunities that U.S. employers seek to fill with foreign workers on a permanent or temporary basis through certain employment-based immigrant visas or through H-1B, H-1B1, or E-3 nonimmigrant visas. *Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States*, 85 Fed. Reg. 63,872 (Oct. 8, 2020) ("IFR"). The IFR was published without advance notice and comment, but the agency provided for a post-promulgation comment period through November 9, 2020. *Id.* at 63,898-63,902. The IFR immediately went into effect. *Id.* at 63,872.

On October 19, 2020, Plaintiffs filed their complaint in this action challenging the IFR. Compl., ECF No. 1. The parties stipulated to proceed directly to summary judgment on the question of whether Defendants had good cause to dispense with the notice-and-comment requirements provided for under the Administrative Procedure Act ("APA"). *See* Order Granting Stip., ECF No. 51. On December 1, 2020, this Court set aside the IFR after finding that the agency did not have good cause to bypass the APA's notice-and-comment provisions. *See* Order, ECF No. 73. Following this Court's order, DOL immediately took steps to revert to the prevailing wage levels in effect before

the IFR. *See* December 3, 2020, OFLC Announces Updates to Implementation of the Wage Protections Interim Final Rule; Compliance with District Court Orders, *available at* https://www.dol.gov/agencies/eta/foreign-labor/news.

On January 14, 2021, DOL published a final rule adopting, with changes, the IFR. *Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States*, 86 Fed. Reg. 3608 (Jan. 14, 2021) ("Final Rule"). The Final Rule provides for different wage levels than the IFR. *Compare, e.g.*, *id.* at 3673 (computing the Level I Wage as "the 35th percentile of the OES wage distribution") *with* 85 Fed. Reg. at 63,897 (computing the Level I Wage as "the mean of the fifth decile of the wage distribution," or "[r]oughly speaking," the 45th percentile of the relevant wage distribution). The Final Rule also incorporates a "phased approach" so that the new prevailing wage levels set by the rule will phase in over the course of one and a half or three and a half years (depending on the category of workers). 86 Fed. Reg. at 3642. Finally, although the Final Rule had an effective date of March 15, 2021, *id.* at 3608, no adjustments to wage levels were set to begin until July 1, 2021, *id.* at 3642.

On January 20, 2021, the Assistant to the President and Chief of Staff issued a memorandum entitled "Regulatory Freeze Pending Review," which directed agencies to consider postponing the effective date for regulations that had not yet taken effect "for the purpose of reviewing any questions of fact, law, and policy the rules may raise." In accordance with that Presidential directive, DOL sought comments on a proposed sixty-day delay of the Final Rule's effective date to "allow agency officials the opportunity to review any questions of fact, law, or policy the rule may raise." *Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States: Proposed Delay of Effective Date*, 86 Fed. Reg. 7656 (Feb. 1, 2021). DOL received a number of comments supporting the proposed delay, including a number of comments raising "substantive concerns" about the Final Rule itself. *Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States; Delay of Effective Date*, 86 Fed. Reg. 13,995, 13,995-96 (Mar. 12, 2021). On March 12, 2021, DOL published a final rule delaying the effective date of the Final Rule to May 14, 2021. *Id.* at 13,995.

Shortly thereafter, the agency also sought comments on a proposal that would delay the Final Rule's effective date until November 14, 2022 (with corresponding delays to the rule's transition dates) to "provide a sufficient amount of time to thoroughly consider the legal and policy issues raised in the rule" and to allow DOL to issue a Request for Information to "offer the public . . . an opportunity to provide information on the sources and methods for determining prevailing wage levels" at issue in the Final Rule, among other reasons. *See Strengthening Wage Protections for Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States: Proposed Delay of Effective and Transition Dates*, 86 Fed. Reg. 15,154, 15,154 (Mar. 22, 2021). On April 2, 2021, DOL issued a separate Request for Information ("RFI") with a comment period running through June 1, 2021. *See Request for Information on Data Sources and Methods for Determining Prevailing Wage Levels for the Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States*, 86 Fed. Reg. 17,343 (Apr. 2, 2021) ("RFI"). The RFI invited the public to answer specific questions regarding data sources and methodologies that could be used to approximate or compute wage levels. *Id.* at 17,346. The agency received 87 comments in response to the RFI.[1] On May 13, 2021, DOL delayed the effective date of the Final Rule to November 14, 2022. *See Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Immigrants and Non-Immigrants in the United States: Delay of Effective and Transition Dates*, 86 Fed. Reg. 26,164, 26,164 (May 13, 2021).

The present litigation has continued throughout all of the above events. On March 19, 2021, Plaintiffs filed an Amended Complaint challenging the Final Rule and a final rule of the Department of Homeland Security that is not at issue in this motion. *See* Am. Compl., ECF No. 79. On May 14, 2021, the Court set a briefing schedule for summary judgment motions. *See* Order, ECF No. 101.

**ARGUMENT**

In preparing for the upcoming summary judgment briefing and in connection with the regulatory actions described above, DOL has identified a number of substantive and procedural concerns regarding the underlying rulemaking that warrant further consideration by the agency.

[1] Comments submitted in response to the RFI are available online at https://www.regulations.gov/document/ETA-2021-0003-0001.

Accordingly, DOL Defendants respectfully request voluntary remand to allow the agency the opportunity to fully assess these issues and determine what further action is appropriate.

## I. Remand Is Appropriate to Permit DOL to Consider Concerns Raised by Commenters and Litigants Regarding the Final Rule.

"Voluntary remand is consistent with the principle that '[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.'" *Nat. Res. Def. Council, Inc. v. U.S. Dep't of the Interior*, 275 F. Supp. 2d 1136, 1141 (C.D. Cal. 2002) (quoting *Trujillo v. Gen. Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980)). In this Circuit, "courts [generally] only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith." *Cal. Cmtys. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 992 (9th Cir. 2012) (citing *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).

"[An] agency may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA*, 254 F.3d at 1029. An agency "might argue, for example, that it wishe[s] to consider further the governing statute, or the procedures that were followed" or "simply state that it ha[s] doubts about the correctness of its decision or that decision's relationship to the agency's other policies." *Id.*; *see also Neighbors Against Bison Slaughter v. Nat'l Park Serv.*, No. CV 19-128-BLG-SPW, 2021 WL 717094, at *2 (D. Mon. Feb. 5, 2021), *appeal filed*, No. 21-35144 (9th Cir. Feb. 23, 2021). "[I]f the agency's concern is substantial and legitimate, a remand is usually appropriate." *SKF USA*, 254 F.3d at 1029; *see also United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, No. C-09-4029 EMC, 2011 WL 3607790, at *3-4 (N.D. Cal. Aug. 16, 2011).

In this case, DOL has already publicly acknowledged a number of "substantial and legitimate" concerns raised by commenters and litigants. *SKF USA*, 254 F.3d at 1029. For example, when DOL proposed delaying the effective date of the rule, a number of commenters raised concerns that the Department "did not provide the public with proper notice and a meaningful opportunity to comment, and failed to disclose relevant data and analysis to permit informed comments from the public." 86 Fed. Reg. at 26,167; *see also* 86 Fed. Reg. at 15,155. Other commenters urged the Department to "consider making more of the underlying data used to compute the wage levels in the Final Rule available for public review." 86 Fed. Reg. at 26,167. Additionally, commenters raised

substantive concerns with the Final Rule, "including that key provisions in the rule are at odds with the INA, the prevailing wage levels were set in an irrational manner and based on 'cherry-picked' studies," and "that sources of authority cited in the rule . . . have since been revoked or rescinded." 86 Fed. Reg. at 26,167. Similar concerns have been raised by Plaintiffs in this case, *see, e.g.*, Am. Compl. ¶¶ 101-04, 108, and other litigation involving the Final Rule, *see, e.g.*, First Am. Comp. ¶ 89, *Stellar IT v. Walsh*, No. 20-cv-3175 (D.D.C. Feb. 26, 2021); First Am. Compl. ¶ 147, *Purdue Univ. v. Walsh*, No. 20-cv-3006 (D.D.C. Feb. 19, 2021). As DOL publicly acknowledged in its May 13, 2021 delay rule, "the procedural and substantive concerns" raised by commenters and litigants call "into question the appropriateness of the wage rates established in the Final Rule, including the transition rates." 86 Fed. Reg. at 26,168.

In accordance with its recognition of the validity of these concerns outlined above, DOL has already taken the steps described above to delay the effective date of the Final Rule to allow the agency time to consider these concerns. DOL has also published an RFI soliciting public input on sources of data or methodologies to inform any future proposals related to prevailing wages of PERM, H-1B, H-1B1, and E-3 job opportunities. Accordingly, voluntary remand is appropriate to permit the agency to fully consider these issues and how best to address them in future rulemaking.

Furthermore, remand will conserve judicial resources. *See ASSE Int'l, Inc. v. Kerry*, 182 F. Supp. 3d 1059, 1063 (C.D. Cal. 2016) ("Voluntary remand also fosters judicial economy by giving the relevant agency the opportunity to reconsider and rectify an erroneous decision without further expenditure of judicial resources."). If DOL determines that the commenters and litigants' concerns are warranted, the agency may propose a new rule that differs significantly from the current Final Rule. Even if DOL ultimately determines that its original approach was justified and proposes a new rule that is substantially similar to the Final Rule, it will be doing so on a more developed and considered record that will assist courts in assessing any future challenges to such a rule. Absent a voluntary remand, DOL will be required to defend the Final Rule in Court at the same time that it is internally evaluating the propriety of that Rule. And if the Court ultimately concludes that the Final Rule is arbitrary and capricious, the appropriate outcome will be to vacate and remand—the same

outcome sought by this motion.

## II. DOL Defendants Do Not Oppose Vacatur of the Final Rule.

"Courts faced with a motion for voluntary remand employ 'the same equitable analysis' courts use to decide whether to vacate agency action after a 'rul[ing] on the merits.'" *ASSE Int'l*, 182 F. Supp. 3d at 1064 (quoting *Nat. Res. Def. Council*, 275 F. Supp. 2d at 1143); *see also N. Coast Rivers All. v. U.S. Dep't of the Interior*, No. CV 16-307-LJO-MJS, 2016 WL 11372492, at *3 (E.D. Cal. Sept. 23, 2016). In both circumstances, courts "remand without vacatur only in 'limited circumstances.'" *Pollinator Stewardship Council v. U.S. E.P.A.*, 806 F.3d 520, 532 (9th Cir. 2015). Specifically, "[w]hether agency action should be vacated depends on how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'" *Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)). "Put differently, 'courts may decline to vacate agency decisions when vacatur would cause serious and irremediable harms that significantly outweigh the magnitude of the agency's error.'" *Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmos. Admin.*, 109 F. Supp. 3d 1238, 1242 (N.D. Cal. 2015).

In this case, DOL is seeking remand to carefully consider concerns raised by commenters and litigants. Until the agency conducts further review, it cannot say for certain the extent to which the Final Rule may need to be revised, but the concerns raised to this point suggest that there may need to be significant changes to the rulemaking going forward. *See* 86 Fed. Reg. at 26,167, 26,173 (discussing "serious concerns with the substance of the Final Rule and the process through which it was promulgated" that "call into question fundamental aspects of the rulemaking"). This possibility of significant revisions must be balanced against the consequences of vacatur, which in this case would have few practical consequences because DOL has already delayed the effective date of the Final Rule until November 2022. Thus, this is not a case where vacatur will unduly delay an important government action, *see, e.g.*, *Cal. Cmtys. Against Toxics*, 688 F.3d at 993-94, or cause disruption or confusion, *see. e.g.*, *Neighbors Against Bison Slaughter*, 2021 WL 717094, at *3-4. Rather, this is a case where remand with or without vacatur will maintain the status quo for over a year, during which time

the agency can consider the various concerns raised by commenters and litigants and determine an appropriate path forward. In light of the possibility of serious error and the delay already in effect, DOL Defendants do not oppose vacatur in this case.

**CONCLUSION**

For the foregoing reasons, DOL Defendants respectfully request that the Court grant its motion for voluntary remand.

Dated: June 9, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

BRAD P. ROSENBERG
BRIGHAM J. BOWEN
Assistant Directors, Federal Programs Branch

s/ *Alexandra R. Saslaw*
CAROL FEDERIGHI
Senior Trial Counsel
ALEXANDRA R. SASLAW
LAUREL H. LUM
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov

*Attorneys for Defendants*