| | |
|---|---|
| MCDERMOTT WILL & EMERY LLP | BRIAN M. BOYNTON |
| Paul W. Hughes (*Pro Hac Vice*) | Acting Assistant Attorney General |
| phughes@mwe.com | BRAD P. ROSENBERG |
| Sarah P. Hogarth (*Pro Hac Vice to be filed*) | Assistant Director, Federal Programs Branch |
| 500 North Capitol Street NW | BRIGHAM J. BOWEN |
| Washington, DC 20001 | Assistant Director, Federal Programs Branch |
| (202) 756-8000 | CAROL FEDERIGHI |
| William G. Gaede, III (136184) | Senior Trial Counsel |
| wgaede@mwe.com | ALEXANDRA R. SASLAW (DC Bar 1618175) |
| 275 Middlefield Road, Suite 100 | LAUREL H. LUM |
| Menlo Park, CA 94025 | Trial Attorneys |
| (605) 815-7400 | United States Department of Justice |
| *Attorneys for Plaintiffs* | Civil Division, Federal Programs Branch |
| | P.O. Box 883 |
| | Washington, DC 20044 |
| | Phone: (202) 514-1903 |
| | carol.federighi@usdoj.gov |
| | |
| | *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*, | No. 4:20-cv-07331-JSW |
| Plaintiffs, | |
| v. | STIPULATED PROTECTIVE ORDER |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

Plaintiffs and DOL Defendants ("parties") hereby agree, subject to this Court's approval, to enter into this Stipulated Protective Order with respect to certain documents to be provided in connection with the production of the administrative record in this case. Specifically, the rulemaking record to be produced in this case includes a set of unpublished data obtained by the Department of Labor from U.S. Citizenship and Immigration Services ("USCIS") about the demographic characteristics of H-1B workers. *See Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Aliens in the United States*, 86 Fed. Reg. 3608, 3625 n.125 (Jan. 14, 2021). This data set includes sensitive information about individuals on whose behalf prospective employers were

applying for H-1B visas. The disclosure of that data would implicate the privacy interests of those individuals, who are not parties to this suit. The parties have accordingly agreed to stipulate to a protective order that will authorize release of the data, and any other similarly sensitive personal information, for purposes of this case even if the disclosure of the data would otherwise be restricted by the Privacy Act of 1974, 5 U.S.C. § 552a, or would otherwise implicate the privacy interests of third parties; impose restrictions on the handling, use, disclosure, and retention of the data and any other similar information; and direct that filings containing or relating to the data and any other similar information be made under seal.

1. Subject to the requirements of this Protective Order, in connection with the production of the administrative record in this case, Defendant Martin J. Walsh, Secretary of Labor, is authorized to release government records, documents, and other information, including computerized or electronic information, that are protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, or whose disclosure might otherwise intrude upon the privacy interests of third parties, without obtaining the prior written consent of the individuals to whom the records or information pertain.

2. The documents that Defendants identify as containing information subject to Paragraph 1 above are hereinafter referred to as "Covered Documents." All information derived from Covered Documents, even if incorporated in another document or compilation or referred to in testimony, is hereinafter referred to as "Covered Information." Information obtained independent of any access to Covered Documents shall not be considered "Covered Information" subject to this Protective Order even if the same or similar information is contained within Covered Documents. Except as provided in paragraph 6 below, no person who obtains access to Covered Documents or Covered Information shall disclose those records or that information without further order of the Court.

3. Covered Documents shall be marked by Defendants prior to production as "SUBJECT TO PROTECTIVE ORDER." For any Covered Documents, such as computer data being produced in digital form such as a CD, thumbdrive, or other electronic medium, whose medium makes such stamping impracticable, the case for the item, if any, and any accompanying

paper or e-mail cover letter shall be marked "SUBJECT TO PROTECTIVE ORDER." For Excel spreadsheets or other similar documents containing Covered Information and being produced in native format, the legend "SUBJECT TO PROTECTIVE ORDER" shall be added to the header and footer fields and also appear on the corresponding entry in the certified index of the administrative record. Documents or data being produced to Plaintiffs as part of the administrative record shall be separately marked as "SUBJECT TO PROTECTIVE ORDER," if applicable, and such marking on those documents or data does not render the entire administrative record a Covered Document or Covered Information. This Protective Order and any obligations or duties imposed by this Order only apply to Covered Documents expressly identified as "SUBJECT TO PROTECTIVE ORDER," and to Covered Information derived from Covered Documents expressly identified as "SUBJECT TO PROTECTIVE ORDER."

4. Should Covered Documents or Covered Information be used or discussed during a deposition, the entire transcript shall be initially designated as "SUBJECT TO PROTECTIVE ORDER." Within ten (10) business days from receipt of the deposition transcript, Defendants shall determine which specific portions of that transcript contain Covered Documents or Covered Information and shall designate those specific pages or exhibits as "SUBJECT TO PROTECTIVE ORDER." Defendants shall then inform Plaintiffs as to those specific designations and the designation of "SUBJECT TO PROTECTIVE ORDER" can be removed from the remainder of the transcript and exhibits.

5. Covered Documents and Covered Information may be used only for the purposes of this action. All Covered Documents and all copies thereof must be returned to Defendants or destroyed by Plaintiffs' counsel within 90 days after final judgment in this action. The term "final judgment" as used herein shall mean the entry of a judgment or dismissal that is final and not appealable. Plaintiffs' counsel are not required by this Protective Order to return or destroy documents containing Covered Information that they or their experts or litigation consultants create for this litigation or in connection with this action. Those portions or parts of any pleadings or other court filings created or filed by Plaintiffs or their counsel that contain Covered Information and are retained by Plaintiffs or their counsel as part of their litigation files remain subject to the

terms of this Protective Order. Those portions or parts of any other documents created by Plaintiffs or their counsel, or anyone working with them or on their behalf, that contain Covered Information remain subject to the terms of this Protective Order. Plaintiffs' counsel will certify to Defendants' counsel in writing within 90 days after final judgment in this action that the Covered Documents governed by this paragraph 5 that are required to be destroyed or returned to Defendants' counsel have been so returned or destroyed.

6. Plaintiffs' counsel may only disclose Covered Documents and Covered Information to (a) the Court and its personnel, including court reporters; (b) the attorneys of record for the parties and persons regularly in the employ of such attorneys who have a need for Covered Documents or Covered Information in the performance of their duties in connection with this action; (c) the plaintiffs; (d) employees of Defendants; (e) employees of the Department of Homeland Security; (f) experts or other consultants retained or used by any party to the above-captioned matter who are used in connection with this action; and (g) outside contractors hired to copy, image, sort, or otherwise manage the storage or retrieval of case materials in this action. Any disclosure by Plaintiffs or their counsel and anyone working with them or on their behalf shall be made only for litigation or consulting purposes related to this action.

7. Any person listed in paragraph 6 (except the Court and its personnel, court reporters, Defendants' employees, the employees of the Department of Homeland Security, and the parties' counsel) to whom disclosure of Covered Documents or Covered Information is to be made must sign the Acknowledgment of Protective Order attached hereto before disclosure.

8. Plaintiffs and their counsel shall not disclose Covered Documents or Covered Information to any persons except those enumerated in paragraph 6 without obtaining the prior express written approval of counsel for Defendants. If counsel for Defendants does not consent to disclosure, then Plaintiffs may, on motion, seek modification of this Protective Order by the Court. If Plaintiffs' counsel does not receive a response from Defendants' counsel within forty-eight business hours after Plaintiffs' counsel seeks permission for disclosure under this paragraph 8, Defendants' counsel's failure to respond after that forty-eight business hour timeframe has expired is deemed a denial of approval for disclosure.

9. All individuals to whom Covered Documents and Covered Information are disclosed by Plaintiffs or their counsel shall, after final judgment in this action, or when they are no longer participating in, or assigned or retained to work on, this case, whichever comes earlier, destroy or return to Plaintiffs' counsel all Covered Documents and those parts or portions of documents containing Covered Information, and all copies thereof, protected by this Protective Order so that the Covered Documents and the parts or portions of documents containing Covered Information, and all copies thereof, may be returned to counsel for Defendants or destroyed within 90 days after final judgment in this action to the extent required by this Protective Order. For purposes of clarification, the requirements under this paragraph 9 do not require Plaintiffs' counsel to return or destroy documents containing Covered Information that they or their experts or litigation consultants create for this litigation or in connection with this action.

10. Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses Covered Documents or Covered Information shall be filed under seal in accordance with Local Civil Rule 79-5. Consistent with Local Civil Rule 79-5(d), the filing party must file an Administrative Motion to File Under Seal accompanied by (1) a declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable; (2) a proposed order that is narrowly tailored to seal only the sealable material; (3) a redacted version of the document that is sought to be filed under seal, which shall prominently display the notation "REDACTED VERSION OF DOCUMENT(S) TO BE SEALED," though a redacted version need not be filed if the filing party seeks to file the entire document under seal; and (4) an unredacted version of the document sough to be filed under seal, which indicates the portions of the document that have been omitted from the redacted version, and which shall prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED." The filing party must also provide a courtesy copy of these documents consistent with Local Civil Rule 79-5(d)(2). Pursuant to Local Civil Rule 79-5(e), if the filing party is not a Defendant, then the filing party's declaration must identify the document or portions thereof which contain Covered Documents or Covered Information and must serve the declaration on Defendants on the same day that it is filed and file a proof of service. Within four days of the filing of the Administrative Motion

to File Under Seal, Defendants must file a declaration as required by Local Civil Rule 79-5(d)(1)(A) establishing that all of the designated material is sealable.

11. The designation, or failure to designate, any materials as Covered Documents or Covered Information shall not constitute a waiver of any party's assertion that the materials are covered by this Protective Order.

12. Each party reserves the right to seek to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Protective Order.

13. This Protective Order does not constitute a ruling on the question of whether any particular record or information is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record or information, other than objections that the information may not be disclosed under the Privacy Act.

14. Plaintiffs' willingness to treat as "Covered" documents or information designated by Defendants as Covered Documents or Covered Information shall not be construed as Plaintiffs' agreement that any such document or information is properly designated as a Covered Document or Covered Information. Plaintiffs reserve the right to object to Defendants' designation at any time, even if they have treated such document or information as "Covered" under this Protective Order. In the event of a dispute, Plaintiffs shall continue to treat any disputed information or documents as "Covered" unless and until the Court orders otherwise.

15. Nothing in this Protective Order shall be construed as limiting the right of either party to use Covered Documents or Covered Information at or during any deposition, to use Covered Documents or Covered Information in seeking expert or consulting reports or testimony, or to introduce Covered Documents or Covered Information into evidence at trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.

IT IS SO STIPULATED THIS 9th DAY OF JUNE, 2021:

STIPULATED PROTECTIVE ORDER
Case No. 4:20-cv-07331-JSW

| | |
|---|---|
| MCDERMOTT WILL & EMERY LLP | BRIAN M. BOYNTON |
| s/ *Paul W. Hughes* | Acting Assistant Attorney General |
| Paul W. Hughes (*Pro Hac Vice*) | Civil Division |
| phughes@mwe.com | |
| Sarah P. Hogarth (*Pro Hac Vice to be filed*) | BRAD P. ROSENBERG |
| 500 North Capitol Street NW | BRIGHAM J. BOWEN |
| Washington, DC 20001 | Assistant Directors, Federal Programs Branch |
| (202) 756-8000 | |
| | s/     *Alexandra R. Saslaw* |
| William G. Gaede, III (136184) | CAROL FEDERIGHI |
| wgaede@mwe.com | Senior Trial Counsel |
| 275 Middlefield Road, Suite 100 | ALEXANDRA R. SASLAW |
| Menlo Park, CA 94025 | LAUREL H. LUM |
| (605) 815-7400 | Trial Attorneys |
| *Attorneys for Plaintiffs* | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| | P.O. Box 883 |
| | Washington, DC  20044 |
| | Phone: (202) 514-4520 |
| | alexandra.r.saslaw@usdoj.gov |
| | |
| | *Attorneys for Defendants* |

IT IS SO ORDERED THIS ___TH DAY OF _____, 2021:

_____

JEFFREY S. WHITE

United States District Judge

STIPULATED PROTECTIVE ORDER
Case No. 4:20-cv-07331-JSW

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,

    Defendants.

Civil Action No. 4:20-cv-07331-JSW

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge that:

    1.    I have read and understand the Protective Order (the "Order") entered in this action, and hereby agree to be bound by the terms of the Order.

    2.    I agree that I will use records and information protected by the Order only for purposes of or in connection with this action, and not for any other purpose of any kind.

    3.    I agree that I will not disclose any documents or information protected by the Order to anyone except as expressly permitted by the Order or by further order of the Court.

    4.    I agree that after final judgment in this action (as defined by the Order), or when I am no longer participating in, or assigned or retained to work on, this case, whichever comes earlier, those portions or parts of records and any information and all copies thereof protected by the Order will be destroyed or will be returned to Plaintiffs' counsel so that those portions or parts of the records and information that are required to be returned to counsel for Defendants or destroyed may be so returned to counsel for Defendants or destroyed within 90 days after final judgment in this action.

STIPULATED PROTECTIVE ORDER
Case No. 4:20-cv-07331-JSW

5. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and shall be binding upon me unless and until they are modified by further order of the Court.

6. I hereby consent to the personal jurisdiction for the United States District Court for the Northern District of California for the purpose of enforcement of the Order.

Date: _____

_____
Signature

_____
Print name

**DECLARATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), the undersigned filer declares that concurrence in the filing of this document has been obtained from the other signatory to this document.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of June, 2021.

s/ *Alexandra R. Saslaw*
ALEXANDRA R. SASLAW
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Phone: (202) 514-4520
alexandra.r.saslaw@usdoj.gov
