MCDERMOTT WILL & EMERY LLP
Paul W. Hughes (*pro hac vice*)
phughes@mwe.com
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000

William G. Gaede, III (136184)
wgaede@mwe.com
415 Mission Street, Suite 5600
San Francisco, CA 94105
(650) 815-7400

Attorneys for Plaintiffs

[Additional Counsel Listed on Signature Page]

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; BAY AREA COUNCIL; NATIONAL RETAIL FEDERATION; AMERICAN ASSOCIATION OF INTERNATIONAL HEALTHCARE RECRUITMENT; PRESIDENTS' ALLIANCE ON HIGHER EDUCATION AND IMMIGRATION; CALIFORNIA INSTITUTE OF TECHNOLOGY; CORNELL UNIVERSITY; THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; UNIVERSITY OF SOUTHERN CALIFORNIA; UNIVERSITY OF ROCHESTER; UNIVERSITY OF UTAH; and ARUP LABORATORIES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES DEPARTMENT OF LABOR; ALEJANDRO MAYORKAS, in his official capacity as Acting Secretary of Homeland Security; and AL STEWART, in his official capacity as Secretary of Labor, <br><br> Defendants. | Case No. 4:20-CV-7331-JSW <br><br> **RESPONSE TO DOL'S MOTION FOR VOLUNTARY REMAND** |

McDermott Will & Emery LLP
Attorneys At Law
Menlo Park

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESPONSE TO DOL'S MOTION FOR VOLUNTARY REMAND**

Plaintiffs respectfully file this response to note their consent to the Department of Labor's (DOL) motion for voluntary remand, subject to the condition that the Court vacate the DOL Rule.

**1.** It is well within this Court's discretion to vacate agency action on the government's motion for voluntary remand. *See ASSE Int'l, Inc. v. Kerry*, 182 F. Supp. 3d 1059, 1064 (C.D. Cal. 2016) (noting that "[c]ourts faced with a motion for voluntary remand employ 'the same equitable analysis' courts use to decide whether to vacate agency action after a 'rul[ing] on the merits,'" and ordering voluntary remand with vacatur) (quoting *Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 275 F. Supp. 2d 1136, 1143 (C.D. Cal. 2002)); *N. Coast Rivers All. v. U.S. Dep't of Interior*, 2016 WL 8673038, at *6 (E.D. Cal. Dec. 16, 2016) ("[V]acation of an agency action without an express determination on the merits [pursuant to a voluntary remand] is well within the bounds of traditional equity jurisdiction.") (quoting *Ctr. for Native Ecosystems v. Salazar*, 795 F. Supp. 2d 1236, 1241-1242 (D. Colo. 2011)).

"To decide whether to vacate an agency action on remand under this analysis, courts 'look at two factors: (1) the seriousness of an agency's errors and (2) the disruptive consequences that would result from vacatur.'" *ASSE Int'l*, 182 F. Supp. 3d at 1064 (quoting *Klamath-Siskiyou Wildlands Ctr. v. NOAA Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238, 1242 (N.D. Cal. 2015)); *see also id.* (explaining that vacatur along with voluntary remand is appropriate unless "vacatur would cause serious and irremediable harms that significantly outweigh the magnitude of the agency's error.").

**2.** Those factors counsel strongly in favor of vacatur here. Our First Amended Complaint documents the numerous fatal failings of the DOL Rule, any one of which would be independently sufficient to set it aside. *See generally* Dkt. 79, ¶¶ 85-113. Among other things, the DOL Rule: arbitrarily and capriciously requires employers to pay entry-level H-1B employees as if they had master's degrees, even though a bachelor's degree or equivalent is the minimum qualification for H-1B classification (*id.* ¶¶ 86-90); irrationally sets the minimum salary for "entry-level" employees in an occupation as the 35th percentile of wages received in that occupation, meaning that "entry-

level" H-1B employees must in fact be paid more than 35% of workers (*id.* ¶¶ 91-95); bases a key aspect of its reasoning on a district court case that had been explicitly overruled by the Ninth Circuit by the time the Rule was issued (*id.* ¶¶ 93-95); and fails to meaningfully respond to comments that demonstrated, with empirical data, that the DOL Rule's wage levels are actually a complete mis-match with the "prevailing wage" they are nominally supposed to approximate (*id.* ¶¶ 96-102). These are extremely "serious[] . . . errors," and amply justify vacatur here. *ASSE Int'l*, 182 F. Supp. 3d at 1064 (quoting *Klamath-Siskiyou Wildlands Ctr.*, 109 F. Supp. 3d at 1242).

On the other side of the ledger, no "disruptive consequences . . . would result from vacatur" of the DOL Rule while the agency reconsiders it. *ASSE Int'l*, 182 F. Supp. 3d at 1064 (quoting *Klamath-Siskiyou Wildlands Ctr.*, 109 F. Supp. 3d at 1242). The Rule is currently not set to take effect until November 14, 2022—over 17 months from today. *See Strengthening Wage Protections for the Temporary and Permanent Employment of Certain Immigrants and Non-immigrants in the United States: Delay of Effective and Transition Dates*, 86 Fed. Reg. 26,179, 26,179 (May 13, 2021) (delaying effective date). There are thus no reliance interests that would be disrupted by vacating the Rule—particularly when DOL has explicitly delayed its effectiveness in order to con-duct a "comprehensive review of the Final Rule and consider[] alternate paths." *Id.* at 26,165; *see also id.* (explaining that "the appropriateness of the wage rates established in the Final Rule" has been "called into question"). Given those statements, any reliance on the wage rates that the DOL Rule would establish over a year in the future would be deeply unreasonable. Vacatur of the DOL Rule thus would not "cause serious and irremediable harms that significantly outweigh the magni-tude of the agency's error" (*ASSE Int'l*, 182 F. Supp. 3d at 1064 (quoting *Klamath-Siskiyou Wildlands Ctr.*, 109 F. Supp. 3d at 1242)), and vacatur is therefore the appropriate procedural path here.

## CONCLUSION

The Court should grant DOL's motion for voluntary remand with vacatur.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
MENLO PARK

1      Respectfully submitted,

2                                                       **MCDERMOTT WILL & EMERY LLP**

3

4  DATED:       June 10, 2021          By:     */s/ Paul W. Hughes*

5                                            Paul W. Hughes (*pro hac vice*)
phughes@mwe.com

6                                            Sarah P. Hogarth (*pro hac vice*)
Andrew A. Lyons-Berg (*pro hac vice*)

7                                            500 North Capitol Street NW
Washington, DC 20001

8                                            (202) 756-8000

9                                            William G. Gaede, III (136184)
wgaede@mwe.com

10                                       415 Mission Street, Suite 5600
San Francisco, CA 94105

11                                       (650) 815-7400

12                                         *Attorneys for Plaintiffs*

13

14  U.S. CHAMBER LITIGATION CENTER
Daryl Joseffer (*pro hac vice to be filed*)

15  1615 H Street NW
Washington, DC 20062

16  (202) 463-5337

17  *Counsel for the Chamber of Commerce
of the United States of America*