UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATE OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 20-cv-07331-JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**<br><br>Re: Dkt. Nos. 140, 144 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING NOTICE OF TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON September 10, 2021 at 9:00 a.m.

The Court has reviewed the parties' briefs and does not wish to hear those arguments repeated at the hearing. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel by filing those authorities or citations to the record by no later than Thursday, September 9, 2021, at 2:00 p.m. The Court will allow for exceptions in the event authority is issued after that date and time. If the parties submit such additional legal authorities, they are ORDERED to submit the citations (including the pin citations) and attach any new authority cited to their submission, but they are not to include additional argument or briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court is **tentatively inclined to grant** Plaintiffs' motion and **deny** Defendants' cross-motion on the basis that Mr. Wolf was not lawfully appointed to the role of Acting Secretary of DHS. The parties shall be prepared to address the following questions:

1. Defendants candidly acknowledge that "[e]very other district court to have

addressed" the issue of Mr. Wolf's authority has "rejected [their] position." (Cross-Mot. at 5 n.4.) Can Defendants offer this Court any new facts or new legal arguments or authority that might convince the Court to deviate both from its tentative ruling and from the consensus among those district courts?

2. If the Court maintains its tentative ruling, what is Plaintiffs' best argument that the Court should reach their alternative arguments for vacating the Final Rule?

3. Is the Court correct that at least some of the Plaintiffs are exempt from the H-1B visa cap? How should that fact impact the analysis of whether those Plaintiffs' alleged injuries "fall[] within the 'zone of interests' sought to be protected *by the statutory provision whose violation forms the legal basis for*" their complaint. *See Bennett v. Spear*, 520 U.S. 154, 176 (1997) (emphasis in original) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1980)).

4. Did Secretary Mayorkas ratify the Final Rule after he took office?

5. If the Court adopts its tentative ruling, do Defendants take the position that the Court should remand without vacatur? *See Behring Reg'l Ctr. v. Wolf*, No. 20-cv-09263-JSW, 2021 WL 2554051, at *9-10 (noting that within Ninth Circuit remanding "without vacatur is the exception rather than the rule").

**IT IS SO ORDERED**.

Dated: September 8, 2021

_____
JEFFREY S. WHITE
United States District Judge